# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **DABRITTANY S. STEVENSON,** | § | |
| | § | |
| V. | § | NO. 1:11-CV-168 |
| | § | |
| **CAROLYN L. COLVIN,**[1] | § | |
| **Commissioner of Social Security** | § | |
| **Administration.** | § | |

## MEMORANDUM OPINION AND ORDER
## ON COMMISSIONER'S DECISION

In accordance with 28 U.S.C. § 636(c), the Local Rules for the United States District Court for the Eastern District of Texas, the parties' consent and order of the District Court, the above-captioned civil action is before the undersigned United States Magistrate Judge for consideration of all matters and entry of judgment. *See Order of Reference* (doc. #21). Plaintiff instituted this action under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of the Social Security Administration's (hereafter "Commissioner") decision regarding her Social Security benefits.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C § 405(g), she is automatically substituted as a party.

## I. Background

Plaintiff applied for disability insurance benefits (DIB)[2] and Supplemental Security Income (SSI) on February 20, 2008 (Tr. 93-99), prospectively claiming disability beginning June 30, 2007, due to Crohn's disease (Tr. 112). Following denials of her applications (Tr. 49-54, 59-64), Plaintiff requested (Tr. 67-70) and received an evidentiary hearing before an administrative law judge ("ALJ"). ALJ Larry J. Butler conducted a hearing on September 25, 2008 (Tr. 25-44), at which time Plaintiff was present and represented by counsel. The plaintiff testified at the hearing. *Id*.

On July 2, 2009, the ALJ issued his findings (Tr. 13-24). He determined that the plaintiff was not disabled (Tr. 160). Specifically, he found that the plaintiff had the severe impairments of obesity and Crohn's disease, but she did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Supbpart. P, app. 1 (20 C.F.R. §§ 404.1525 and 404.1526) (Tr. 19). The ALJ next determined that Plaintiff had the residual functional capacity [3] ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b), except that she cannot climb ladders, ropes or scaffolds (Tr. 19). At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a fast food worker and a sales assistant (Tr. 23). He also concluded that based on her age, education, work experience, and RFC, there are

---

[2] Supplemental Security Income ("SSI"), authorized by Title XVI of the Social Security Act, provides an additional resource to the aged, blind, and disabled to assure their income does not fall below the poverty line. Disability insurance benefits ("DIB"), authorized by Title II of the Social Security Act, provides income to individuals who are forced into involuntary, premature retirement. Eligibility for SSI requires proof of indigence and for DIB requires proof of insured status. Additionally, applicants seeking benefits under either program must prove disability within the meaning of the Social Security Act, which defines disability in virtually identical language for both programs. *See* 42 U.S.C. §§ 423(d), 1382c(a)(3), 1382c(a)(3)(G); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012).

[3] "Residual functional capacity (RFC) is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1) (2012). It takes into account physical and mental limitations that affect what a claimant can do in a work setting. *Id*.

jobs that exist in significant numbers in the national economy that the plaintiff can perform. *Id.* The ALJ accordingly determined that Plaintiff has not been under a disability as defined by the Social Security Act from June 30, 2007, through July 2, 2009, the date of the ALJ's decision (Tr. 24).

The plaintiff appealed that decision, and the Appeals Council of the Social Security Administration ("Appeals Council") affirmed the ALJ's determination, making it the final decision of the Commissioner (Tr. 1-3). Plaintiff then filed the instant appeal in this federal court, seeking judicial review of the Commissioner's decision denying the application for Social Security disability benefits. *See Complaint* (doc. #1). The parties have since filed their briefs (doc. #15, doc. #18) and the Court has received the transcript. Accordingly, the case is ripe for review.

## II. Judicial Review

United States district courts may review decisions of the Commissioner. 42 U.S.C. § 405 (2011). However, Congress limits the scope of judicial review to determinations of whether (a) the Commissioner applied proper legal standards and (b) the decision is supported by substantial evidence. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (internal citations omitted). It is more than a mere scintilla but less than a preponderance. *Id.* When the Commissioner applies proper principles and her decision is supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 230 (1938)); *see also* 42 U.S.C. § 405(g).

Reviewing courts, therefore, give the Commissioner's decisions great deference. *Leggett*, 67 F.3d at 565-66. Courts may not re-weigh evidence, try issues *de novo*, or substitute their judgments for those of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A court cannot reverse the Commissioner simply because the court might have decided the case differently in the first instance. *Elfer v. Texas Workforce Comm'n*, 169 F. App'x 378, 380 (5th Cir. Feb. 27, 2006); *see also Ripley*, 67 F.3d at 555 (stating that the court may not substitute [its] judgment for that of the Secretary). When the Commissioner fails to apply correct principles of law, or when substantial evidence does not support the Commissioner's decision, the governing statute authorizes a reviewing court to enter, upon the pleadings and the transcript of the record, a judgment modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. *See* 42 U.S.C. § 405(g). Thus, courts have power to remand for further administrative proceedings, or they may direct the Commissioner to award benefits without a rehearing. Ordinarily, courts remand for further administrative proceedings to address and cure deficiencies. *See, e.g., Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

### III. Law Governing Disability Determination

The law requires the Commissioner to make individualized determinations of whether claimants have disabilities that make them eligible to receive benefits authorized under the Social Security Act. *See Heckler v. Campbell*, 461 U.S. 458, 466 (1983). To satisfy this duty, the Commissioner utilizes a five-step sequential evaluation analysis. When a claimant is found disabled or not disabled at any step, remaining steps are not considered. 20 C.F.R. § 404.1520 (2012). This procedure has judicial approval as a fair and just way for determining disability applications in conformity with the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 153 (1987) (citing

*Heckler*, 461 U.S. at 461) (The use of the sequential evaluation process "contribute[s] to the uniformity and efficiency of disability determinations").

The five steps - with explanatory parenthetical commentary - generally are as follows:

1. The Commissioner ascertains *whether an applicant currently engages in substantial gainful activity.* (If so, a finding of non-disability is entered and the inquiry ends.)

2. The Commissioner determines *whether an applicant has a severe impairment or combination of impairments.* (If not, the inquiry ends and a finding of non-disability is entered.)

3. The Commissioner determines *whether any severe impairment(s) equals or exceeds those in a Listing of Impairments, 20 C.F.R. Subpt. P, Appendix 1* ("the Listings")[4]. (If so, disability is presumed and benefits are awarded. If not, the analysis continues.)

4. The Commissioner determines *whether any impairment(s) prevents the claimant from engaging in regular previous employment.* (If so, a prima facie case of disability is established and the burden of going forward (to the fifth step) shifts to the Commissioner. *See Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987)).

5. The Commissioner determines *whether other work exists in the national economy which the applicant can perform.* (If so, the burden shifts back to the applicant to show he cannot perform the alternative labor. *See id.*; *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986); 20 C.F.R. § 404.1520(a)-(f) (2012)).

---

[4] Appendix I, Subpart P, Part 404 of the Regulations lists impairments and indicators of medical severity. 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2012). A person whose impairment meets or equals an impairment in the Listing is presumptively disabled. 20 C.F.R. § 404.1520(d) (2012); *see* Soc. Sec. R. 88-3c (1988), 1988 WL 236022, at *7.

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id*. Once the claimant satisfies his or her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony, or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

### IV. Points of Error

Here, the plaintiff generally alleges error in the ALJ's assessment of the plaintiff's credibility. The plaintiff contends that the ALJ failed to provide legally sufficient reasons to reject her testimony. More specifically, she contends that the ALJ's error in this regard yielded an incorrect assessment at step four where the ALJ found that the plaintiff had the RFC to perform light work, with limitations, and that she could perform her past relevant work as well as jobs which existed in significant numbers in the national economy. *See Plaintiff's Brief*, at pp. 4-6.

### V. Discussion and Analysis

Plaintiff contends that the ALJ did not properly assess the credibility of her subjective evidence regarding her limitations. The ALJ is the fact finder and may determine the credibility of witnesses and medical evidence. *See Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991) (per curiam). The regulations provide that when making a disability determination, the adjudicator must consider subjective symptoms, including pain, and the extent to which those symptoms can be

reasonably accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529(a) (2012). The ALJ is required to follow a two-step "objective-subjective" process in evaluating the claimant's subjective evidence and the applicant's credibility, if a credibility determination is necessary. *See Salgado v. Astrue,* 271 F. App'x 456, 458 (5th Cir. March 28, 2008) (per curiam). Under this two-step process to evaluate an applicant's subjective claims, the adjudicator must first determine whether there is an impairment that reasonably produced the symptoms of which the claimant complains. *Id.* If the adjudicator finds no impairment, the individual is not disabled. *Id.* If an impairment is identified, the adjudicator then considers the applicant's statements about symptoms and the remaining evidence in the record to determine the strength of the symptoms and how the symptoms affect the applicant's ability to do basic work. *Id.* The adjudicator also determines the credibility of the applicant's claims about symptoms. *Id.* The two-step process is outlined in Social Security Ruling (SSR) 96-7p:

> 1. [Objective] No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.
>
> 2. [Subjective] When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

*Id.* at 458-459. Citing SSR 96-7p, 1996 SSR LEXIS 4, 1996 WL 374186 at *1 (July 2,

1996).[5]

Here, at the first step - the objective evaluation - the ALJ found that the plaintiff has the severe impairments of obesity and Crohn's disease (Tr. 19). The plaintiff's brief challenges the ALJ's findings at the second step of the credibility assessment, arguing that the ALJ failed to evaluate the intensity, persistence, and limiting effects of the plaintiff's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. *See Plaintiff's Brief*, at p. 5.

20 C.F.R. § 404.1529(c)(3) provides a non-exclusive list of seven factors to be considered in making the second determination as to the credibility of a claimant's subjective complaints. *See* 20 C.F.R. § 404.1529(c)(3); *Ashford v. Commissioner*, No. 6:11CV155, 2013 WL 598902, 2013 U.S. Dist. LEXIS 29651, at *13-*14 (E.D. Tex. March 4, 2013) (Love, J.). Specifically, this section states that factors relevant to the claimant's symptoms, such as pain, which the adjudicator will consider, include:

    (i)     claimant's daily activities;

    (ii)    location, duration, frequency and intensity of pain or other symptoms;

    (iii)   precipitating and aggravating factors;

    (iv)   type, dosage, effectiveness and side effects of medication

---

[5]Relatedly, the regulations require the adjudicator to "evaluate the intensity and persistence of [related] symptoms" to determine how those symptoms limit the claimant's capacity for work. 20 C.F.R. § 404.1529(c) (2012). The adjudicator must consider "*all* of the available evidence, including [the claimant's] history, the signs and laboratory findings, and statements from [the claimant, and the claimant's] treating or nontreating source, or other persons about how . . . symptoms affect [the claimant]." *Id*. (emphasis added). Thus, the adjudicator cannot *reject* subjective complaints solely because "objective medical evidence does not substantiate [the claimant's] statements," but (s)he must consider medical evidence in determining the effect of subjective symptoms on a claimant's ability to work. 20 C.F.R. § 404.1529(c)(2) (2012).

> > taken to relieve pain or other symptoms;
>
> (v) treatment, other than medication, undertaken to relieve pain or other symptoms;
>
> (vi) any other measures used to relieve pain or other symptoms; and
>
> (vii) other factors concerning functional limitations and restrictions due to pain or other symptoms.

*See* 20 C.F.R. § 404.1529(c)(3) (2012). Although an ALJ must give specific reasons for a credibility determination, "neither the regulation nor interpretive case law requires that an ALJ name, enumerate, and discuss each factor in outline or other rigid, mechanical form. It suffices when the administrative decision is sufficiently specific to make clear that the regulatory factors were considered." *Ashford,* 2013 U.S. Dist. LEXIS 29651, at *14 (quoting *Prince v. Barnhart*, 418 F. Supp. 2d 863, 871 (E.D. Tex. 2005) (Hines, J.) (adopted by *Prince v. Barnhart*, 418 F. Supp. 2d 863 (E.D. Tex. 2005)).

In this case, the ALJ found that "the claimant's medically determinable impairments could reasonably expected to cause the alleged symptoms; however the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC]." (Tr. 20). The ALJ further stated that "the undersigned is also concerned about credibility with respect to the claimant's employment history and alleged disability onset date of June 30, 2007." (Tr. 21). The ALJ goes on to explain that the claimant quit her job at Wal-Mart in June 2007, and she was pregnant at the time, and she did not attempt to return to work until after the baby was born. *Id.* The ALJ found that this chronology "strongly suggests that the claimant's alleged onset date is tied to her pregnancy, rather than symptoms of Crohn's disease."

*Id.*

The record also reveals that the ALJ considered the enumerated factors as follows:

*Factor 1 (daily activities)*:

The ALJ noted the plaintiff's Activities of Daily Living report, in which she stated that her Crohn's disease limits her from taking care of her daughter, and sometimes she is unable to eat (Tr. 20). The ALJ also considered the plaintiff's statements that her problems occur every day and that she is unable to lift things because she is sore, sometimes she is too sick to do housework, and that she described a limited lifestyle in which "she does nothing all day." *Id.*

*Factor 2 (location, duration, frequency and intensity of symptoms)*:

The ALJ noted that the plaintiff complained of symptoms for three years prior to diagnosis; she stated that her medication did not control her symptoms; and she could not eat in addition to other symptoms and pain. *Id.* The ALJ also refers to plaintiff's statement that her condition is intolerable due to pain and discomfort. *Id.*

*Factor 3 (precipitating and aggravating conditions)*:

There is no indication that the Plaintiff complained of aggravating conditions.

*Factor 4 (type, dosage, effectiveness and side effects of medications)*:

As stated above the ALJ noted that the plaintiff contended that her medication did not control her symptoms (Tr. 20). He also notes her statement that she "must go to the emergency room about 4 times a month and get more pain and nausea meds." *Id.*

*Factor 5 (treatment, other than medication, to relieve symptoms) and Factor 6 (other measures to relieve symptoms*:

Plaintiff points to, and the record reveals, no additional evidence of other treatment or other measures to relieve symptoms.

*Factor 7 (other factors)*:

Again, the ALJ noted the plaintiff's statements about her inability to care for her daughter, a lifestyle in which she "does nothing all day," and her alleged inability to eat (Tr. 20).

The ALJ therefore based his credibility determination on most, if not all, of the enumerated factors. Additionally, the record shows that he considered and discussed the objective medical evidence as compared to the plaintiff's subjective statements. For example, he notes that "[i]n terms of debilitating pain, the record shows that her Crohn's disease has been in remission for much or most of the adjudicative period." (Tr. 21). The ALJ then points to medical records from emergency room (ER) visits, but notes that not all of those trips to the ER were due to Crohn's symptoms. *Id.* He also considered records from a December 2007 colonoscopy and a February 2008 ER visit which show that she did in fact present with Crohn's disease, but there was no evidence of inflammatory change, neoplasm, or diverticulosis and her acute flare was successfully treated at the ER with Remicade therapy. *Id.* The ALJ also points to gastroenterologist William D. Simpson, M.D.'s finding that there was no clinical evidence of active disease when he saw the plaintiff in May 2008 (Tr. 21, Tr. 285). The ALJ also notes that "the evidence of record shows numerous workups for abdominal pain, but clinical findings do not support the claimant's representations of a debilitating disease process. For example, on June 28, 2008, the claimant complained of abdominal pain after eating pizza. However, workup was normal." In support, the ALJ cites ER records (Tr. 275-278).

He also notes that, "as Dr. Guillion [sic] points out, there is no evidence of any nutritional problems. Her healthy appearance at the hearing strongle suggests that she is processing food adequately[.]" (Tr. 21, *see also* Tr. 205 (records from Dr. Jerry C. Gullion, M.D.))

The Court finds that the ALJ's assessment of the plaintiff's credibility and the consideration of her subjective complaints as summarized above satisfied his burden under SSR 96-7p and the applicable regulations. The record makes it clear that the ALJ took into account the plaintiff's statements about her symptoms and that he discussed the kind of evidence required for credibility determinations. The ALJ's findings identify the inconsistencies he found between the plaintiff's statements and the medical evidence, and he sufficiently gives specific reasons for his credibility determination before he factored all of the evidence into the RFC determination. *See Salgado*, 271 F. App'x at 463 (citing SSR 96-7p). The ALJ's reasoning reflects consideration of all regulatory factors supported by the evidence. The plaintiff has failed to establish that the ALJ erred in his method of weighing plaintiff's subjective complaints. The ALJ's discussion sufficiently articulates reasons for according diminished weight to plaintiff's statements; his analysis of those statements is grounded in the applicable regulations and is, therefore, legally sufficient; and the record contains substantial evidence supporting the ALJ's credibility determination. Plaintiff's point of error, therefore, fails.

## VI. Conclusion and Order

Based on the findings and legal conclusions stated herein, the Court **ORDERS** that the Commissioner's decision is hereby **AFFIRMED** and this above-entitled social security action is **DISMISSED**, with prejudice. The Court will enter final judgment separately.

**SIGNED this the 20th day of March, 2013.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE